UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

                 Chapter 7

Christine C. Parisi,

                 Case No.: 10-70021-478

     Debtor.
---------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER

*Appearances:*

         Borda, Kennedy, Alsen & Gold, LLP
           *Attorneys for the Debtor*
          By: Richard E. Borda, Esq.
           1805 Fifth Avenue
          Bayshore, New York 11706


         Kirschenbaum & Kirschenbaum, P.C.
         *Attorneys for Chapter 7 Trustee*
         By: Kenneth Kirschenbaum, Esq.
           Stacy Spector, Esq.
        200 Garden City Plaza, Suite 500
         Garden City, New York 11530


Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

The issue before the Court is whether $1,000 of the Debtor's tax refund which the Debtor argues represents her entitlement to the federal child tax credit is property of the bankruptcy estate and needs to be turned over to the Chapter 7 Trustee. This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), (B), (E) and (O) and 11 U.S.C. §§ 541 and 542. The following constitutes the Court's finding of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

## FACTS

Debtor is a single mother with one child who is six years of age. The Debtor filed for Chapter 7 bankruptcy relief on January 4, 2010 (the "Petition Date"). Kenneth Kirschenbaum, Esq. was appointed the Chapter 7 Trustee in this case. A Stipulation and Order was entered by the Court on February 24, 2010 whereby the Debtor agreed to file her 2009 federal and state income tax returns and turn over to the Trustee the non-exempt portion in any 2009 tax refund that she receives immediately upon receipt.

The Debtor had $15,587 of gross income for the 2009 tax year. The Debtor received her federal tax refund in the sum of $5,134 on February 12, 2010 and her state tax refund in the sum of $1,397 on March 2, 2010 for a total of $6,531. On March 3, 2010, the Trustee filed a motion seeking the turnover of the non-exempt portion of the tax refunds. On March 15, 2010, the Debtor filed an amended Schedule B reflecting the tax refunds as an asset and an amended Schedule C claiming a $2,500 cash exemption in the tax refunds under New York Debtor and Creditor Law § 283(2). The Debtor subsequently turned over $3,000 to the Trustee after subtracting the Debtor's $2,500 cash exemption and $1,000 for the federal child tax credit.

The Debtor argues that the child tax credit is not property of the bankruptcy estate and

therefore, she is entitled to retain the funds. Debtor asserts that the child tax credit is not a refund of taxes but rather a trust fund or a grant for the families with dependent children in which she, the taxpayer, is a conduit for the funds. The Debtor states that while the funds are payable to her and she may control the funds, it does not mean that the funds are dedicated to her and she never owned the money. Rather, the funds are analogous to a stipend for a specific purpose by Congress which has as its ultimate goal the best interest of the child. Debtor asserts the child tax credit is a bailout for parents in order to improve the economic environment of families below the poverty line and Congress could not have intended the credit to be a bailout for creditors at the expense of children.

A hearing was held on the Trustee's motion for turn over of the non-exempt portion of the tax refund on April 6, 2010.

## DISCUSSION

The bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a). The debtor's interest in a federal child tax credit and federal tax refunds is determined by federal law. *In re Landgrebe*, No. 08-26271, 2009 WL 3253933, *1 (Bankr. D. Colo. Sept. 23, 2009).

Pursuant to section 24(a) of the Internal Revenue Code, a taxpayer is allowed a credit of $1,000 for each qualifying child if the individual taxpayer's modified adjusted gross income is below a certain threshold. 26 U.S.C. § 24(a). This "Child Tax Credit" is nonrefundable as it is credited against the taxpayer's federal income tax liability but cannot exceed the amount of tax owed. Any amount of the Child Tax Credit that exceeds the taxpayer's tax liability is lost and does not result in a refund to the taxpayer.

An "Additional Child Tax Credit" may be available for certain taxpayers who did not get the full amount of the Child Tax Credit. 26 U.S.C. § 24(d); IRS Publication 972. Unlike the Child Tax Credit, any amount of the Additional Child Tax Credit that is not used to offset the taxpayer's federal income tax liability is refunded to the taxpayer. A taxpayer that qualifies for the Additional Tax Credit need not owe taxes in order to receive the refundable child tax credit. *In re Landgrebe*, 2009 WL 3253933 at *2.

The Debtor did not distinguish whether the child tax credit which she retained is a refundable or nonrefundable tax credit. However, the Court finds that in this instance, the difference is irrelevant. The Debtor's arguments that the child tax credit constitutes a trust fund with the Debtor's child as the beneficiary is not supported by legislative history. Debtor pointed out that "[t]he Congress believed that a tax credit for families with dependent children will reduce the individual income tax burden of those families, will better recognize the financial responsibilities of raising dependent children, and will promote family values." Joint Committee on Taxation, *General Explanation of Tax Legislation Enacted in 1997* (JCS-23-97), December 17, 1997. However, there is no evidence that the child tax credit was intended to be given to parents in trust for their children with the parents being the conduit. Even though the Additional Child Tax Credit may be refundable to the parent in the absence of any tax liability, it is simply "an additional tax break to working parents by allowing a portion of this otherwise nonrefundable [child tax credit] to be treated as a refundable credit." *In re Donnell*, 357 B.R. 386, 402 (Bankr. W.D. Tex. 2006). If Congress intended the child tax credit to be held in trust for the benefit of the child and exempt from the parent's creditors, it could have enacted bankruptcy legislation to this effect. However, Congress has not done so and the Court declines

to adopt such an interpretation.

Furthermore, to the extent the $1,000 retained by the Debtor is claimed to be the debtor's entitlement to the nonrefundable Child Tax Credit, none of the tax credit could constitute any portion of the Debtor's federal income tax refund. As noted by the court in *In re Klostermeier*:

> Debtors have already obtained the benefit of the entire child tax credit when they used the credit to reduce their tax liability. They cannot also use the credit to insulate part of their tax refund from use by the Trustee for the benefit of their unsecured creditors.

2009 WL 1617090, *4 (Bankr. N.D. Ohio May 29, 2009). Indeed, courts have held that the debtors do not have a legal entitlement to claim a federal tax refund attributable to the Child Tax Credit. *In re Landgrebe*, 2009 WL 3253933 at *2; *In re Donnell*, 357 B.R. at 402. Even if the Child Tax Credit creates an opportunity for a refund, courts have found that the overpayment being paid to debtors in their tax refunds are directly tied to excess wage withholding or some other credit. *In re Landgrebe*, 2009 WL 3253933 at *2; *In re Donnell*, 357 B.R. at 402.

To the extent the $1,000 relates to the Additional Child Tax Credit, other courts have found the refundable child tax credit to be property of the bankruptcy estate. *In re Landgrebe*, 2009 WL 3253933 at *2; *In re Matthews*, 380 B.R. 602, 607 (Bankr. M.D. Fla. 2007); *In re Minton*, 348 B.R. 467, 474-75 (Bankr. S.D. Ohio 2006); *In re Griffin*, 339 B.R. 900, 902 (Bankr. E.D. Ky 2006); *In re Law*, 336 B.R. 144, 146 (Bankr. W.D. Mo. 2005), *aff'd*, 336 B.R. 780 (8th Cir. B.A.P. 2006). A debtor's entitlement to the child tax credit is not finalized until the end of the tax year and the filing of the tax return claiming such credit. Property of the estate 'has been broadly construed to encompass a debtor's contingent interest in future payments, as long as that interest is "sufficiently rooted" in a debtor's prepetition past, even if that interest is reliant on future contingencies that have not accrued as of the filing date.' *In re Minton*, 348 B.R. at 474-

75. See also *In re Matthews*, 380 B.R. at 607; *In re Law*, 336 B.R. at 783 (finding the statutory differences between the earned income credit and the child tax credit to be significant for tax purposes but not for bankruptcy purposes and from a bankruptcy standpoint, both types of credits are contingent interests on the petition date and become property of the estate). But see *In re Schwarz*, 314 B.R. 443 (Bankr. D. Neb. 2004) (finding that the earned income tax credit and child tax credit are treated differently for tax purposes and should be treated distinctly for bankruptcy purposes and where the child credit was acquired at the end of the tax year after the petition date, it cannot be property of the estate).

In this case, the Debtor had a contingent interest in the child tax credit which was "sufficiently rooted" in her prepetition past as the credit was for the 2009 tax year. The Debtor filed her bankruptcy petition in January of 2010. Although the Debtor did not file her tax return until after the Petition Date, her contingent interest in the child tax credit existed as of the petition date as all the Debtor needed to do was fulfill her statutory obligation to file her tax return. As discussed above, there is no evidence to support the Debtor's arguments that the child tax credit was intended to be given to the Debtor in trust for her child. Accordingly, the amount representing the refundable child tax credit is property of the Debtor's bankruptcy estate.

## CONCLUSION

Based upon the above, the sum of $1,000 the Debtor deducted from her tax refund as her entitlement to the child tax credit is property of the estate. The Trustee's motion for turnover of the tax refund is granted. Accordingly, the Debtor is directed to turn over to the Trustee the $1,000 which she deducted from the tax refund she received which represented the child tax credit and any remaining nonexempt balance of the tax refund not yet turned over within 20 days

of the entry of this Memorandum Decision and Order.

      So Ordered.



Dated: Central Islip, New York  
      May 6, 2010

Dorothy Eisenberg  
United States Bankruptcy Judge

6